IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BANK OF AMERICA INCORPORATED    )
and TRUSTEE SERVICES OF         )
CAROLINA LLC,                   )
                                )
        Plaintiffs and          )
        Counter Defendants,     )
                                )
        v.                      )       1:12CV269
                                )
JIMMY TAYLOR CAMPBELL and       )
JOYCE OSBORNE CAMPBELL,         )
                                )
        Defendants and          )
        Counter Claimants.      )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on a Motion for Judicial Notice (Docket Entry 23) purportedly filed on behalf of Jimmy Taylor Campbell and Joyce Osborne Campbell ("the Campbells"), as well as a Motion to Remand to State Court (Docket Entry 10), Motion to Dismiss Counterclaims for Lack of Jurisdiction and Failure to State a Claim (Docket Entry 12), and Motion to Strike (Docket Entry 26), all filed by Bank of America, N.A., which has identified itself (rather than Bank of America Incorporated and/or Trustee Services of Carolina LLC) as the actual party who filed the state court action that the Campbells purportedly removed to this Court. For the reasons that follow, the Court will strike the instant Motion for Judicial Notice (Docket Entry 23), as well as the Petition for Removal (Docket Entry 1) and Amended Petition for

Removal (Docket Entry 5) by which the Campbells purportedly brought this case to this Court, the Verified Protective Answer (Docket Entry 3) and Amended Verified Protective Answer (Docket Entry 6) in which the Campbells purportedly asserted counterclaims in this case, and the Campbells' purported responses (Docket Entries 24, 25) to the instant Motions to Remand and to Dismiss Counterclaims (Docket Entries 10, 12). As a result, the Court will remand this case to state court and will direct the Clerk's Office to terminate all remaining motions as moot.[1]

## BACKGROUND

This case first came to the attention of the Court upon the referral of a document entitled "Motion for Extension of Time" (Docket Entry 17). (See Docket Entry dated Apr. 30, 2012.) The Court promptly struck that Motion (which purported to request an extension of time for the Campbells to respond to the instant Motions to Remand and to Dismiss Counterclaims (see Docket Entry 17 at 1)), because it did not comply with Federal Rule of Civil Procedure 11(a), in that the only signature thereon appeared to be that of "Anthony Clay Campbell," who neither said Motion nor the Docket identified as an attorney for the Campbells with authority

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

to appear in this Court. (See Docket Caption; Docket Entry 21 at 2, 3.)[2] In addition, because a review of the other filings purportedly made on the Campbells' behalf, including the Petition for Removal, Verified Protective Answer, Amended Petition for Removal, and Amended Verified Protective Answer, revealed that all bore signatures not of the Campbells but only of "Anthony Clay Campbell" (see Docket Entries 1, 3, 5, 6),[3] the Court noticed a hearing. (See Docket Entry 18.)

The day after the entry of the Court's foregoing Order striking the Motion for Extension of Time, a second "Motion for Extension of Time" (Docket Entry 22) was filed that differed from the first only in that it bore the apparent signature of "Anthony

---

[2] That signature rested over the type-written words: "Anthony Clay Campbell, a living man, real party in interest[,] Grantor, Beneficiary and Secured Party Creditor, PRO SE[,] Authorized Agent and Power of Attorney-in-Fact for legal Person, JIMMY TAYLOR CAMPBELL AND JOYCE OSBORNE CAMPBELL." (Docket Entry 17 at 2 (capitalization as in original).)

[3] In the first two of these filings, the signature in the name of "Anthony Clay Campbell" appears beside the hand-written words "executing POA" and above the type-written words: "Anthony Clay Campbell, a living man, real party in interest[,] Grantor, Beneficiary and Secured Party Creditor, PRO SE[,] Authorized Agent and Power of Attorney-in-Fact for legal Person, JIMMY TAYLOR CAMPBELL AND JOYCE OSBORNE CAMPBELL." (Docket Entry 1 at 4, 5 (capitalization as in original); Docket Entry 3 at 5, 6 (capitalization as in original).) In the last two of these filings, the apparent signature of "Anthony Clay Campbell" rests above the type-written names of the Campbells, as well as additional language that seems to identify "Anthony Clay Campbell" as their "Authorized Agent and Power of Attorney-in-Fact." (Docket Entry 5 at 5, 6; Docket Entry 6 at 5, 6.)

3

Clay Campbell" on two pages rather than one (compare Docket Entry 17 with Docket Entry 22). The Court struck that Motion by Text Order (again for failure to comply with Federal Rule of Civil Procedure 11(a)). (Docket Entry dated May 9, 2012.) Five days later, the instant Motion for Judicial Notice (Docket Entry 23) was filed with signatures once more only of "Anthony Clay Campbell," but with the hand-written phrase "executing POA" placed beside said signatures and the Campbells' type-written names placed below the signature line (id. at 1, 2). On the same day, documents constituting apparent responses to the instant Motions to Remand and to Dismiss Counterclaims were filed, with signatures by "Anthony Clay Campbell" beside the phrase "executing POA" and above a description of "Anthony Clay Campbell" as, inter alia, "Authorized Agent and Power of Attorney-in-Fact for legal Person, JIMMY TAYLOR CAMPBELL AND JOYCE OSBORNE CAMPBELL." (Docket Entry 24 at 1, 11, 12 (capitalization as in original); Docket Entry 25 at 1, 9, 10 (capitalization as in original).) The instant Motion to Strike was filed a week later. (Docket Entry 26.)

The Court thereafter held the previously-noticed hearing in this case. (See Docket Entry dated May 29, 2012.) The Campbells failed to appear, but an individual who identified himself in open-court as Anthony Clay Campbell attempted to address the Court on behalf of the Campbells. (See id.) After confirming that Anthony

4

Clay Campbell did not claim to be an attorney authorized to practice law in this Court, the Court declined to hear further from him. (See id.) The Court then stated on the record that it would strike all filings purportedly made on behalf of the Campbells that lacked their signatures, would remand the case to state court, and would treat all other pending motions as moot. (See id.)

DISCUSSION

"Litigants in civil and criminal actions and parties in bankruptcy proceedings before this Court, except parties appearing pro se, must be represented by at least one attorney who is a member of the bar of this Court." M.D.N.C. LR 83.1(c)(1);[4] see also M.D.N.C. LR 83.4(a) ("If . . . a party fails to comply with a local rule of this Court, the Court may impose sanctions . . . as are just under the circumstances of the case, including . . . an order striking out pleadings . . . ."). In other words: "An individual unquestionably has the right to litigate his *own* claims in federal court . . ., however, [that right] does not create a coordinate right to litigate for *others*." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original)

---

[4] Consistent with this requirement, the Federal Rules of Civil Procedure mandate that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id.

5

(citing, inter alia, 28 U.S.C. § 1654). "The reasoning behind this rule is two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Id. (internal citations omitted).

In light of the foregoing, well-established principle, district courts in this Circuit uniformly have precluded non-attorneys from litigating matters in the name of others based on claimed authority from some form of "power-of-attorney." See Securities & Exch. Comm'n v. White, No. 8:11-944-HMH-KFM, 2011 WL 1544202, at *3-4 (D.S.C. Apr. 22, 2011) (unpublished) ("Mrs. White argues that a General Durable Power of Attorney signed by the movant gives her authority to act on the movant's behalf. Mrs. White is mistaken. . . . [Mrs. White], who is not any attorney, cannot represent [the movant] in federal court." (internal citations omitted)); Haddock v. Tribute Props., No. 4:09CV80FL, 2010 WL 1525691, at *2 (E.D.N.C. Apr. 15, 2010) (unpublished) ("Plaintiff contends that the filings signed by her sister - including the motion for appointment of counsel - should not be stricken from the record because her sister had been given power of attorney under North Carolina law to act on plaintiff's behalf at the time of those filings. Even so, while a power of attorney may have conferred certain decision-making rights under state law, it does not allow plaintiff's sister to litigate pro se on her behalf

6

in federal court.  Therefore it would not be improper to strike the motion to appoint counsel from the docket." (internal brackets, citations, ellipses, and quotation marks omitted)), aff'd, 390 Fed. Appx. 239 (4th Cir. 2010); Smith v. County of Pickens, No. 8:08-01916-RBH, 2008 WL 4200595, at *2 (D.S.C. Sept. 8, 2008) (unpublished) ("The court will assume that Blanch Wertz does have a full and complete power of attorney effective under South Carolina law which gives her the right to assert the legal rights of Danny Rayburn Smith.  However, the Court may still inquire into whether Wertz may litigate pro se the legal rights of Smith.  It seems clear that Wertz, a non-attorney, may not do so." (internal footnote omitted)); Umstead v. Chase Manhattan Mortg. Corp., No. 7:04CV747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) (unpublished) (ruling that, despite possessing a power of attorney, "M. Umstead, as a lay person without a license to practice, cannot represent J. Umstead in this action").

"It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity."  Umstead, 2005 WL 2233554, at *2.[5]  As a result, Anthony Clay Campbell's attempt to invoke this Court's subject

---

[5] This conclusion renders moot the instant Motion to Dismiss Counterclaims.  See Umstead, 2005 WL 2233554, at *2 ("Because . . . J. Umstead's claims are void *ab initio*, the defendants' motion to dismiss pertaining to J. Umstead's claims is moot because there are no claims to consider.").

7

matter jurisdiction fails for lack of standing. See Penland Fin. Servs., Inc. v. Select Fin. Servs., LLC, No. 6:08-3864-HMH-WMC, 2008 WL 5279638, at *3 (D.S.C. Dec. 18, 2008) (unpublished) ("[B]ecause Charles Penland may not litigate *pro se* the rights of the corporation, he lacks standing to bring this action; and, therefore, this court does not have subject matter jurisdiction over this action."), aff'd, 315 Fed. Appx. 456 (4th Cir. 2009); Smith, 2008 WL 4200595, at *2 ("If Wertz may not litigate pro se the rights of Smith, then it appears that Wertz lacks standing to bring this action; and, therefore, this Court does not have subject matter jurisdiction over this action."). In the context of a removed case, this determination requires remand to state court. See Smith, 2008 WL 4200595, at *1, 3.

## CONCLUSION

Documents purportedly filed on the Campbells' behalf by non-attorney Anthony Clay Campbell without their signatures have no effect regardless of any claimed "power-of-attorney" possessed by Anthony Clay Campbell. The Campbells have received more than fair notice of this issue and have failed to take curative action. Instead, the Campbells have shown their unwillingness to participate in this case by failing to appear at a hearing ordered by the Court. Under these circumstances, the Court must treat the removal notices and other filings signed in the name of Anthony

Clay Campbell as void and must remand this case to state court.

**IT IS THEREFORE ORDERED** that the Petition for Removal (Docket Entry 1), Verified Protective Answer (Docket Entry 3), Amended Petition for Removal (Docket Entry 5), Amended Verified Protective Answer (Docket Entry 6), Motion for Judicial Notice (Docket Entry 23), and Responses (Docket Entries 24, 25) are **STRICKEN** for failure to comply with this Court's Local Rule 83.1(c)(1) and Federal Rule of Civil Procedure 11(a).

**IT IS FURTHER ORDERED** that, in light of the striking of the purported removal notices and this Court's lack of subject matter jurisdiction, this case is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

**IT IS FURTHER ORDERED** that, in light of the remand of this case to state court based on the striking of the purported removal notices and the lack of subject matter jurisdiction, as well as the striking of other filings purportedly made on behalf of the Campbells, the Clerk's Office shall **TERMINATE AS MOOT** the Motion to Remand to State Court (Docket Entry 10), Motion to Dismiss Counterclaims for Lack of Jurisdiction and Failure to State a Claim (Docket Entry 12), and Motion to Strike (Docket Entry 26).

**IT IS FURTHER ORDERED** that this Order is **STAYED** for 21 days because "[a] party may serve and file objections to the [O]rder within 14 days after being served with a copy. A party may not

9

assign as error a defect in the [O]rder not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the [O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If any party files a timely objection to this Order, the 21-day stay shall continue in effect until further order of the Court, but, absent any timely objection, at the end of the 21-day period, the Clerk's Office shall send a certified copy of this Order to the Clerk of the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

    This the 30th day of May, 2012.

                                            /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                   **United States Magistrate Judge**